JOSEPH P. SPENCE vs. WILLIAM ONSTOTT — Appeal from Fannin County.

Under the several acts authorizing amendments which were in force in 1844, it was within the discretion of the court to permit an amendment after the parties had announced themselves ready for trial.

A charge from the judge, which is calculated to mislead the jury in their investigation of the various matters in issue before them, will be deemed erroneous, although by an application of the charge to a particular branch of the case it would be correct

The appellant filed his petition in the district court on the 22d day of August, 1843, alleging that in April, 1840, he purchased of the appellee (who was defendant below) fifteen head of cattle for which he paid $125; that, by agreement between the parties, the cattle were to remain at the place of the de-

fendant's residence until the plaintiff might choose to take them away; that subsequently, in the same year, he called upon the defendant for the cattle and undertook to drive them away; but that the defendant, in violation of his agreement, refused to permit him to do so, but wrongfully detained and withheld them from the plaintiff and converted them to his own use, to his damage, etc.

The plaintiff further alleges that the defendant is indebted to him for money paid and advanced for the defendant at different times; particularly specifying the various sums advanced, and appending to the petition an account embracing a description of the several amounts claimed. The defendant answered, denying the sale of the cattle, and also denying the alleged indebtedness, and setting up new matter in avoidance of the cause of action set forth.

After the parties had announced themselves ready for trial, the court permitted the defendant to amend his answer by adding thereto the plea of the statute of limitation; to which the plaintiff excepted.

It was proved upon the trial that, in the spring of 1840, when an execution was about to be levied upon the cattle in question as the property of the defendant, he (the defendant) informed the officer that they were not his property, but that of the plaintiff; and that the plaintiff satisfied the execution, claiming and exercising acts of ownership over the property. It was proved by more than one witness, that the defendant admitted, in the spring of 1840, that the cattle were the property of the plaintiff, and that he (the defendant) had no claim to them. It was also in proof, that on the 4th of December, 1841, the plaintiff demanded the cattle of the defendant, and that the latter refused to deliver them.

There was other testimony not material to be recapitulated. The court charged the jury " that the plaintiff was not entitled to recover unless he had proven that the defendant had contracted to pay the amount specified in the account annexed to the plaintiff's petition within two years next before the filing

of the petition." The trial was had at the spring term, 1844. There was a verdict and judgment for the defendant, and the plaintiff appealed.

ALLEN for defendant.

MARTIN & DUVAL for appellee.

Mr. Justice WHEELER delivered the opinion of the court.

The only questions presented by the record which it is deemed material to notice relate to: 1st. The amendment of the answer; and 2d. The instruction to the jury.

1st. Under the 20th section of the act of 1836 [1 Stat. 198], "establishing the jurisdiction and powers of the district court," the 12th section of the act of 1840 [4 Stat. 88], "to regulate the proceedings in civil suits," and the several other acts authorizing amendments, then in force, it was, we think, beyond doubt within the discretion of the court to permit the amendment in question.

2d. Had the present been an action brought alone upon the alleged indebtedness of the defendant for money advanced, or upon a contract for the payment of money, the instruction to the jury would perhaps have been correct. But the primary object of the suit, doubtless, was the recovery of damages for the wrongful detention and conversion of the property. To this ground of action the evidence was almost exclusively directed; and it established a demand and refusal to deliver, and consequently a conversion of the property by the defendant, on the 4th of December, 1841. This, then, was the time when the cause of action accrued, and from which the statute of limitations commenced to run. The period of limitation of this action was two years [5 Stat. 184, p. 163, sec. 1], and that period had not elapsed at the time of the commencement of this suit.

The instruction given involved the assumption that the plaintiff could in no event recover for the wrongful detention and conversion of his property; it being a declaration in general terms, that the plaintiff *could not recover in that action*

unless he had proved a contract, appended to the petition, to have been made within two years, etc. This, as to the alleged conversion, clearly was error, and was well calculated to divert the attention of the jury from the real merits of the controversy; which was not so much the contract, express or implied, for the payment of money, as the alleged conversion by the defendant, to his own use, of the property of the plaintiff.

We are of opinion, therefore, that the judgment be reversed, and the cause remanded for further proceedings.